IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:09-CV-331-FL

STEPHEN THOMAS YELVERTON )
)
Plaintiff, )
)
)
)
v. )  **ORDER**
)
YELVERTON FARMS, LTD., PHYLLIS )
EDMUNDSON, CHARLES EDMUNDSON, )
and DEBORAH MARM, )
)
Defendants. )

This matter comes before the court upon request by Defendants' counsel to stay the court's

disposition of pending motions.

By way of background, on May 14, 2009, Plaintiff Stephen Yelverton ("Plaintiff"), a minority

shareholder in defendant Yelverton Farms, Ltd. ("Yelverton Farms"), filed for Chapter 11

reorganization bankruptcy in the United States Bankruptcy Court for the District of Columbia

("Bankruptcy Court"). On 29 July 2009, Plaintiff initiated this diversity action against Yelverton

Farms and its majority shareholders to obtain, *inter alia*, the judicial dissolution and liquidation of

Yelverton Farms pursuant to N. C. Gen. Stat. § 55-14-30 or alternatively, a mandatory buyout of

Plaintiff's shares at fair value.

A Case Management Order was entered on April 29, 2010, pursuant to which discovery must

be completed by November 15, 2010, supplementation of disclosures must be served by October 6,

2010 and dispositive motions must be filed by December 15, 2010. [DE-29]. This case is set for

trial during the court's civil term of court beginning May 16, 2011. On June 10, 2010, the court

referred to the Magistrate Judge for a memorandum and recommendation Plaintiff's motion for

summary judgment and the supplement thereto, Plaintiff's motion to strike Defendants' memorandum in opposition to Plaintiff's summary judgment and Defendants' motion to dismiss, all of which are presently pending.

On August 25, 2010, the court received a letter from Defendants' counsel, which appears to have been served on Plaintiff, requesting a stay of the court's disposition of the pending motions. Defendants' counsel included with the letter an order from the Bankruptcy Court converting Plaintiff's bankruptcy status from Chapter 11 to Chapter 7. In light of this recent development, Defendants' counsel advises that the parties are attempting to negotiate a resolution of this matter with the Chapter 7 Trustee, an opportunity not formerly available.

After review of the letter of Defendants' counsel and for good cause shown therein, this court stays the proceedings in this case, including all upcoming case deadlines, and holds in abeyance ruling on Plaintiff's motion for summary judgment [DE-40] and the supplement thereto [DE-86], Plaintiff's motion to strike [DE-61] and Defendant's motion to dismiss [DE-79]. To ensure the parties' focus on a possible settlement, the parties shall not file any further motions or other documents in this case. Within ten (10) days of the conclusion of negotiations with the Chapter 7 Trustee, the parties shall advise the court as to the status of the case, at which time if needed the court will reset case deadlines.

SO ORDERED, this 9th day of September, 2010.

LOUISE W. FLANAGAN
Chief United States District Judge

2