IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
Western Division (Raleigh)
Case No. 5:09-cv-331-FL

| | | |
|---|---|---|
| WENDELL W. WEBSTER,<br>as Chapter 7 Trustee | ) ) ) | |
| and | ) ) | MOTION FOR LEAVE FOR JOINDER<br>OF REQUIRED PARTY PER FRCP, |
| STEPHEN THOMAS YELVERTON,<br>as newly Required party | ) ) ) | RULE 19 (a)(1)(b)(i), AND TO REOPEN<br>THIS PROCEEDING PER ORDER,<br>entered July 17, 2012 |
| Plaintiffs | ) ) | |
| v. | ) | |
| YELVERTON FARMS, LTD.,<br>PHYLLIS EDMUNDSON,<br>CHARLES EDMUNDSON, and<br>DEBORAH MARM | ) ) ) ) ) | REQUEST FOR HEARING ON THE<br>MOTIONS |
| Defendants | ) | |

Motion DENIED
This the 16th day of August, 2016.
/s/ Louise W. Flanagan

.COMES NOW, Stephen Thomas Yelverton, *Pro Se*, and Moves for Leave for Joinder of him as a Required Party, per FRCP, Rule 19 (a)(1)(B)(i), and to Reopen this proceeding, per Order, entered July 17, 2012, at Docket No. 142. This Motion is based upon newly discovered facts and circumstances first becoming known on July 27, 2016.

Statement of the Facts

1. On July 27, 2016, at a Bankruptcy hearing, the Chapter 7 Trustee, Wendell W. Webster, publicly disclosed for the first time that his Settlement Agreement, with the Defendants herein, Phyllis Edmundson, Charles Edmundson, and Deborah Marm, had been consummated in part. However, the Trustee was not certain when the Settlement was consummated, and had no documentation, but recalled that it may have been sometime in March 2015. See, Bankruptcy Docket No. 1051, and attached audio tape.

2. The Chapter 7 Trustee further publicly disclosed for the <u>first</u> time that the consummation of the Settlement Agreement did <u>not</u> include the transfer or assignment of any shares of stock in Yelverton Farms, Ltd. According to the Trustee, he <u>never</u> had possession or control of the stock, he did <u>not</u> know who controlled or owned the stock, and that he <u>never</u> asked any questions to anyone about the status or ownership of the stock. See, Bankruptcy Docket No. 1051, and attached audio tape.

3. The Bankruptcy Court in <u>Decision</u>. at pp. 2-5, entered August 8, 2013, had ruled that Debtor Yelverton's post-Petition claims <u>after</u> May 14, 2009, against the Defendants, were <u>not</u> property of the Debtor Estate, and that any release in the Settlement Agreement by the Chapter 7 Trustee of such post-Petition claims was <u>not</u> effective. See, Bankruptcy Docket No. 681.

4. This proceeding in Case No. 5:09-cv-331-FL was commenced on July 29, 2009, and included claims that arose <u>after</u> May 14, 2009. The post-Petition claims include the action under N.C.G.S., Section 55-14-30 (2)(ii), and 55-14-31, for dissolution and liquidation of Yelverton Farms, Ltd., or a required buy-out at FMV of the stock of the complaining minority stockholder, which are known as "Meiselman" claims.

5. In a pleading filed March 17, 2010, in Case No. 5:09-cv-331-FL, the Defendants claimed that Wade H. Atkinson, Jr., is the owner of the 1,333.3 shares of stock in Yelverton Farms, Ltd., and had been the owner of the stock since May 30, 2008, which is the same stock that was initially issued by Yelverton Farms, Ltd. to Yelverton. See, Docket No. 80, at p. 12. This claim by Defendants has <u>never</u> been withdrawn.

6. On March 12, 2015, Atkinson assigned his interest in the 1,333.3 shares of stock in Yelverton Farms, Ltd. to Yelverton. See, attached Exhibit herein.

## Arguments in Support of Joinder and Reopening

7. The Order, entered July 17, 2012, at Docket No. 142, states that:

" ... this matter is DISMISSED subject to the right of any party to file a motion to reopen the case should the settlement, as approved by the bankruptcy court, not be consummated as a result of appellate review."

8. Under the Federal Rules of Civil Procedure, Rule 19 (a)(1)(B)(ii):

"A person is required to be Joined as a party if he will not deprive the court of subject-matter jurisdiction," and "that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may as a practical matter impair or impede the person's ability to protect the interest."

9. According to the sworn testimony of the Chapter 7 Trustee on July 27, 2016, he did not administer as Trustee the 1,333.3 shares of stock in Yelverton Farms, Ltd., and did not include the stock in the consummation of the Settlement Agreement, although it was represented in the Settlement Agreement to be included in the consummation.

10. Thus, the Settlement Agreement has not been consummated in full as approved by the Bankruptcy Court and by appellate review, and thereby Case No. 5:09-cv-331-FL is subject to be reopened by a party, with respect to the stock in Yelverton Farms, Ltd.

11. The Defendants claimed on March 17, 2010, in Case No. 5:09-cv-331-FL, that Atkinson was the owner of the 1,333.3 shares of stock in Yelverton Farms, Ltd., and had been the owner since May 30, 2008. They have never withdrawn this claim.

12. On March 12, 2015, Atkinson assigned his interest in the 1,333.3 shares of stock in Yelverton Farms, Ltd. to Yelverton. See, attached Exhibit.

13. Thus, Yelverton now has an interest in the 1,333.3 shares of stock in Yelverton Farms, Ltd., and unless Joined as a party Plaintiff, his interests in the stock may as a practical matter be impaired. This requires that Yelverton be Joined as a party Plaintiff, pursuant to FRCP, Rule 19 (a)(1)(B)(i), in order to protect his interests.

14. The assignment of the 1,333.3 shares of stock by Atkinson to Yelverton on March 12, 2015, gives Yelverton "standing" under Article III. He now has an interest in the stock which the Defendants seek to take for themselves, or have already taken, outside the Settlement Agreement, and thereby Yelverton has "direct injury," which is "redressable." Lujan v. Defenders of Wildlife, 504 U.S. 555, 570, n. 5 (1997).

15. This District Court has subject-matter jurisdiction over the 1,333.3 shares of stock because these shares were not assigned or transferred by the Chapter 7 Trustee under the Settlement Agreement, where the District Court only temporarily gave up its jurisdiction over the Settlement Agreement until consummated.

16. Thus, the Chapter 7 Trustee's failure to consummate the assignment or transfer of the stock under the Settlement Agreement causes the stock to revert to the jurisdiction of this District Court, per Order, entered July 17, 2012.

17. This District Court, moreover, has subject-matter jurisdiction in other respects. The Bankruptcy Court had ruled in Decision, at pp. 2-5, entered August 8, 2013, that any post-Petition claims of the Debtor after May 14, 2009, cannot be released by the Settlement Agreement. This is because post-Petition claims only belong to the Debtor and are not under the control of the Chapter 7 Trustee. In Re Andrews, 80 F.3d 906, 909-910 (4th Cir. 1996); In Re Avis, 178 F.3d 718, 720 (4th Cir. 1999).

18. The claims of Debtor Yelverton, under N.C.G.S., Section 55-14-30 (2)(ii) and Section 55-14-31, arose after May14, 2009, and thereby as being post-Petition cannot be released by the Settlement Agreement. The law of North Carolina, moreover, has the "continuing tort" doctrine, where the claims would continue until abated by the tort feasor. Marzec v. Nye, 203 N.C. App. 88, 90, 690 S.E.2d 537, 544-545 (N.C. App. 2010).

19. Thus, the Settlement Agreement has not been consummated in full with respect to the "Meiselman" claims, and under Bankruptcy law cannot be consummated in full because these claims are owned by Debtor Yelverton, as post-Petition claims, after May 14, 2009, and are not under the control of the Chapter 7 Trustee. Andrews, id.; Avis, id.

20. The "Meiselman" claims are a financial and legal interest of Yelverton relating to the subject matter of Case No. 5:09-cv-331-FL, which as a practical matter may be impaired by the absence of Yelverton as a party Plaintiff. Thus, he is required on this basis to be Joined, under FRCP, Rule (a)(1)(B)(i).

21. Yelverton, as the assignee of Atkinson's interest in the stock, moreover has "standing" under Article III to protect his interest in the stock by asserting "Meiselman" claims with respect to the stock, where it is "redressable" by this District Court.

22. Thus, in view of the foregoing, the Settlement Agreement has not been consummated in full, as approved by the Bankruptcy Court, and by appellate review, and thereby this proceeding must be reopened to resolve the still pending issues as to ownership of the stock in Yelverton Farms, Ltd., and the related "Meiselman" claims.

23. As the assignee of the stock from Atkinson, and as the owner of all post-Petition claims since May 14, 2009, Yelverton is thus required to be Joined as a party Plaintiff, under FRCP, Rule 19 (a)(1)(B)(i).

24. The ownership of the stock in Yelverton Farms, Ltd., has never been resolved by the Bankruptcy Court, or any other Court, and no Court has ever resolved the "Meiselman" claims. Thus, there could be no Res Judicata or Collateral Estoppel, and moreover could not apply to any dismissal under FRCP, Rule 12 (b)(1), for lack of jurisdiction. See, U.S. ex rel. Suh v. HCA, 2009 WL 1834586 (E.D.N.C. 2009).

25. The "Meiselman" claims to be asserted by Yelverton are not "duplicative" of any claims that have previously been considered by this District Court, or any Court, or are pending before this District Court, or any other Court.

26. The "Meiselman" claims asserted in Case No. 5:09-cv-331-FL are limited to the time period between May 14, 2009, and July 29, 2009. The other subsequent "Meiselman" claims filed by Plaintiff Yelverton are for time periods well after July 29, 2009, and are based upon different facts as to torts and breaches of fiduciary duties by the Defendants to Yelverton. See, Lawlor v. Nat. Screen, 349 U.S. 322, 327-328 (1955), there is no Res Judicata or duplication where there are different time periods.

27. Case No. 5:09-cv-331-FL was Closed at the time of filing the subsequent "Meiselman" claims, and where Yelverton was not a party, and thus they could not have been filed as a Supplemental Complaint, under FRCP, Rule 15 (d).

28. It is suggested that Case No. 5:09-cv-331-FL be consolidated with pending Consolidated Case Nos. 5:15-cv-134-F and 5:16-cv-31-F, in order to consider all the "Meiselman" claims at one time, which would encompass an ongoing 7-year time period by the Defendants continuously violating their fiduciary duties to Yelverton.

29. This Motion for Leave does not violate the so-called Gatekeeper Order, entered April 7, 2014, by the Wayne County Superior Court, in view of it allowing the filing of Motions requesting Leave to file. See, Order, at pp. 6-7. This Motion for Leave alleges meritorious claims against Defendants that could not have been brought earlier.

30. Where a person alleges facts and circumstances that may be a proper subject for relief, then he should be afforded an opportunity to test his claims on the merits in court. See, Shanks v. Forsyth County, 869 F.Supp. 1231, 1238 (M.D.N.C. 1994).

31. There are no claims in this Motion for Leave that are the same as those in previous appeals to the U.S. Court of Appeals for the Fourth Circuit, with respect to Yelverton's status as a Plaintiff. The previous appeals were only as to the termination of Yelverton as an already named Plaintiff, while this Motion for Leave is only with respect to Yelverton being Joined as a Plaintiff based upon new facts and circumstances first arising after those appeals.

32. This Motion for Leave is not a challenge to the "finality" of the Bankruptcy Court's approval of the Settlement Agreement on June 19, 2012. Rather, it is a showing that the Settlement Agreement was not consummated in accordance with what was approved by the Bankruptcy Court, and thereby there was no consummation in full. There was only consummation of that portion of the Settlement Agreement, which provided for the release of claims by Debtor Yelverton against the Defendants that arose prior to the Petition date of May 14, 2009.

WHEREFORE, in view of the foregoing, Leave is requested that Yelverton be Joined as a party Plaintiff, pursuant to FRCP, Rule 19 (a)(1)(B)(i), and that this proceeding in Case No. 5:09-cv-331-FL be reopened, pursuant to Order, entered July 17, 2012, with a suggestion that it be Consolidated with pending Case No. 5:15-cv-134-F and No. 5:16-cv-31-F, with respect to the "Meiselman" claims in Case No. 5:09-cv-331-FL.

This the 16th day of August, 2016,

Respectfully submitted,

*[signature]*

Stephen Thomas Yelverton, *Pro Se*
3033 Wilson Blvd., #E-117
Arlington, VA 22201
Tel. 202-702-6708 (mobile)
Email: styelv@aol.com

EXHIBIT

Assignment of stock claims by Atkinson to Yelverton, executed March 12, 2015

Attached to Amended Complaint of Right in Case No. 5:15-cv-134-F,
at Document No. 17-3, pp. 2-3,
filed June 22, 2015

## MUTUAL RELEASE AND WAIVER AGREEMENT AND ASSIGNMENT AGREEMENT
## BETWEEN STEPHEN THOMAS YELVERTON AND WADE H. ATKINSON, JR.

This Mutual Release and Waiver Agreement and Assignment is entered into on the 12th day of March, 2015, between Stephen Thomas Yelverton ("Yelverton") and Wade H. Atkinson, Jr. ("Atkinson") for good and valuable consideration which is exchanged on this day.

WHEREAS, Yelverton and Atkinson agree that they shall mutually release and waive all the claims that they have or may have against each other as of the execution date of this Agreement, both known and unknown, except for the following:

(a) Yelverton agrees that the Assignment to Atkinson of the 1,333.3 shares of stock owned by Yelverton in Yelverton Farms, Ltd., on May 30, 2008, shall be valid and of legal effect and that the Rescission of that Assignment by Yelverton on May 13, 2009, shall be null and void and of no effect nunc pro tunc to May 13, 2008.

(b) Atkinson shall assign to Yelverton all right and interests and ownership of the 1,333.3 shares of stock in Yelverton Farms, Ltd., a North Carolina closely-held corporation, and that such assignment to Yelverton of Atkinson's ownership shall be effective on the date of execution of this Agreement.

(c) Atkinson shall assign to Yelverton all rights and interests in all causes of action and litigation claims that he has or may have against any person with respect to the 1,333.3 shares of stock in Yelverton Farms, Ltd., other than personal injury tort claims, and that this assignment of the causes of action and litigation claims shall be effective on the date of execution of this Agreement.

(d) Yelverton shall not contest the legal validity and effectiveness under North Carolina law of the U.C.C. lien on the 1,333.3 shares of stock in Yelverton Farms, Ltd., which was initially recorded on or about April 4, 2008, and then renewed with the State of North Carolina, other than Yelverton being personally Discharged by the U.S. Bankruptcy Court on December 3, 2010, in Case No. 09-00414, from payment of the debt under the U.C.C. lien.

Redacted 6-20-15 S.T.Y.

THEREFORE, in consideration of the mutual covenants of the parties, Yelverton shall pay to Atkinson the amount of ■■■■■■■■ with no interest, which amount shall not be due and payable until the stock or the causes of action and litigation claims are liquidated in cash for at least a net amount of ■■■■ after litigation costs and taxes, and any lesser net amount received by Yelverton in full satisfaction and accord, shall be paid to Atkinson in full satisfaction and accord of the amount owed to him under this Agreement. The amount owed and due to Atkinson by Yelverton under this Agreement first arose on the date of execution of this Agreement.

WHA 3-12-15

S.T.Y.

p. 2, MUTUAL RELEASE AND WAIVER AGREEMENT AND ASSIGNMENT AGREEMENT BETWEEN STEPHEN THOMAS YELVERTON AND WADE H. ATKINSON, JR.

This Agreement shall be governed by laws of the State of North Carolina and may be signed in counter-parts.

Signed and Agreed to by:

*[signature]*

WADE H. ATKINSON, JR.
1228 M St., N.W.,
Washington, DC 20005


*[signature]*

STEPHEN THOMAS YELVERTON
601 PENSYLVANIA AVE., N. W., SUITE 900 SOUTH
WASHINGTON, DC 20004

## CERTIFICATE OF SERVICE

I, Stephen Thomas Yelverton, *Pro Se*, hereby certify that on the 16th day of August, 2016, I have caused to be mailed by U.S. Mail, first class, postage pre-paid, or by e-mail, a copy of the foregoing "Motion for Leave for Joinder of Necessary Party and to Reopen this Proceeding" to the following:

Matthew S. Sullivan, Esq.
White & Allen, P.A.
P.O. Box 3169
Kinston, NC 28502-3169
Counsel for Phyllis Edmundson,
 Charles Edmundson, Deborah Marm,
 and Yelverton Farms, Ltd.

Wendell W. Webster, Esq., Chapter 7 Trustee
Natalie S. Walker, Esq., General Counsel for the Chapter 7 Trustee
1775 K St., N.W., Suite 600
Washington, DC 20006

Ronald L. Gibson, Esq.
Ruff, Bond, Cobb, Wade, and Bethune, LLP
831 E. Morehead St., Suite 860
Charlotte, NC 28202
Local Special Counsel for the Chapter 7 Trustee

/s/ Stephen Thomas Yelverton
Stephen Thomas Yelverton, *Pro Se*